| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>David N. Crapo, Esq.<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-4545<br>E-mail: dcrapo@gibbonslaw.com<br>*Local Counsel for the Debtor* | |
| **In re:**<br><br>**AMG INTERNATIONAL, INC.,**<br><br>**Debtor.** | Chapter 11<br><br>Case No. 17-25816 (JKS) |
| AMG INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRO MECHANICAL INDUSTRIES (PTE) LTD.,<br><br>    Defendant. | Adv. Proc. No. _____ |

## VERIFIED ADVERSARY COMPLAINT

**AMG INTERNATIONAL, INC.** (the "**Debtor**" or "**Plaintiff**"), by and through its undersigned counsel, files this Verified Adversary Complaint ("**Complaint"**) against Electro Mechanical Industries (PTE) Ltd. (the "**EMI**" or "**Defendant**") for turnover of property of the estate, injunctive relief, for sanctions resulting from violations of the automatic stay, and the avoidance and recovery of preferential transfers, and states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E) and (F).

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a) and the United States District Court's general order of reference.

3. The statutory predicates for the relief requested in this Complaint are 11 U.S.C. §§ 105, 502(d), 542, 547 and 550, and Fed.R.Bankr.P. 7001(1) and (7).

## PARTIES:

4. The Plaintiff is the Debtor and Debtor-in-Possession in the Case.

5. The Defendant is a creditor of the Debtor and a member of the Official Committee of Unsecured Creditors appointing and serving in the Case.

## COMMON FACTUAL ALLEGATIONS:

6. On August 3, 2017 (the "**Petition Date**"), the Plaintiff commenced the above-styled Chapter 11 proceeding (the "**Case**") by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code.

7. The Plaintiff is operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

8. The Plaintiff is in the business of distributing trophies and related products. The Debtor acquires inventory from both domestic and international manufacturers.

9. Prior to the Petition Date, the Plaintiff and Defendant transacted business, whereby the Defendant would manufacture and sell trophy parts to the Plaintiff.

10. In order to manufacture the trophy parts for the Plaintiff, the Defendant uses

molds for purposes of manufacturing the trophy parts, which are comprised of (a) molds delivered by the Plaintiff to the Defendant ("**Delivered Molds**"), and (b) molds made by the Defendant for the Plaintiff's exclusive use, which were made using designs supplied by the Plaintiff ("**Manufactured Molds**" and, together with the Delivered Molds, the "**Molds**"). A true and correct copy of product manufactured by the Defendant using the Molds is attached hereto as **Exhibit "A"**. The Plaintiff has paid the Defendant for all Manufactured Molds.

11. The Defendant has possession, custody and/or control of the Molds.

12. The Plaintiff has informed the Defendant, in writing, that the Plaintiff no longer wishes to transact business with the Defendant. A true and correct copy of the letter sent to the Defendant's counsel is attached hereto as **Exhibit "B"** (the "**Demand Letter**").

13. In accordance with the Demand Letter, the Plaintiff demanded that the Defendant turnover possession of the Molds and advised the Defendant that any refusal to turnover the Molds would result in the Plaintiff pursuing any and all available remedies, including, without limitation, a request for appropriate sanctions for violation of the automatic stay.

14. The Defendant has refused to turnover, and remains in possession, custody, or control of, the Molds.

15. The Molds are property of the estate within the meaning of 11 U.S.C. § 541(a).

16. The Molds are property which the Plaintiff may use or sell in accordance with 11 U.S.C. §§ 363(b) and (c).

## COUNT I
### (Turnover of Property of the Estate)

17. The Plaintiff hereby realleges and incorporates the allegations contained in Paragraphs 1 through 16 of the Complaint as though set forth fully herein.

2571110.1  114753-95692

18. The Molds are property of the estate, which the Plaintiff may use or sell in accordance with 11 U.S.C. §§ 363(b) and (c).

19. The Plaintiff is entitled to turnover of the Molds.

20. The Defendant refuses to turnover the Molds to the Plaintiff.

**WHEREFORE,** the Plaintiff respectfully requests that the Court find in its favor on Count I of the Complaint, and enter judgment against the Defendant ordering the immediate turnover of the Molds, as well as granting any other and further relief that the Court may deem just and proper.

## COUNT II
### (Injunctive Relief)

21. The Plaintiff hereby realleges and incorporates the allegations contained in Paragraphs 1 through 16 of the Complaint as though set forth fully herein.

22. The Molds are property of the estate within the meaning of 11 U.S.C. § 541(a).

23. The Plaintiff may use or sell the Molds in accordance with 11 U.S.C. §§ 363(b) and (c).

24. The Defendant is in possession, custody and/or control of the Molds.

25. The Defendant refuses to turnover possession of the Molds to the Plaintiff.

26. As a result of the Defendant's refusal to turnover possession of the Molds to the Plaintiff, the Plaintiff is deprived of use of the Molds, including, without limitation, the right to have product manufactured using the Molds for sale in the ordinary course of the Plaintiff's business.

27. The Plaintiff is entitled to temporary, preliminary and permanent injunctive relief (a) prohibiting the Defendant from using, encumbering, assigning, selling or transferring the Molds, and (b) directing the Defendant to turnover possession of the Molds.

4

28. In the event injunctive relief is not granted, the Plaintiff will suffer irreparable harm and injury as a result of not being able to use the Molds for purposes of having trophy parts manufactured for sale.

29. The Plaintiff has no adequate remedy at law, since the Plaintiff's business and the estate will suffer irreparable harm and injury in the event injunctive relief is not issued.

30. The Molds are property of the estate and, therefore, the Plaintiff is entitled to turnover of the Molds. Consequently, there is a strong likelihood that the Plaintiff will succeed on the merits of Count I of the Complaint.

31. In the event the injunctive relief is not issued, the harm and injury to the Plaintiff and the estate outweighs whatever damage, if any, the Defendant will sustain in the event injunctive relief is issued.

32. The public interest will be served in the event injunctive relief is issued, since the turnover of the Molds will further the Plaintiff's reorganization efforts and will further benefit creditors. At a minimum, turnover of the Molds will enable the Plaintiff to have additional product manufactured for sale.

**WHEREFORE,** the Plaintiff respectfully requests that the Court find in its favor on Count II of the Complaint, and issue temporary, preliminary and permanent injunctive relief (a) prohibiting the Defendant from using, encumbering, assigning, selling or transferring the Molds, and (b) directing turnover of possession of the Molds, as well as granting any other and further relief that the Court may deem just and proper.

### COUNT III
### (Automatic Stay Violations and Sanctions)

33. The Plaintiff hereby realleges and incorporates the allegations contained in Paragraphs 1 through 16 of the Complaint as though set forth fully herein.

2571110.1  114753-95692

34. Notwithstanding the Plaintiff's demand for turnover of the Molds, the Defendant refuses to relinquish possession, custody and/or control of the Molds.

35. The Defendant is aware of the Case and that the Plaintiff is acting as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108, as a result of the Defendant serving on the Official Committee of Unsecured Creditors and based on the Demand Letter.

36. The Defendant's actions violate the automatic stay in effect pursuant to 11 U.S.C. §§ 362(a)(3) and (a)(6), since the Defendant's actions constitute acts to exercise control over property of the estate and/or to collect, assess or recover a claim against the Plaintiff that arose prior to the commencement of the Case.

37. The Defendant's actions are intentional and willful.

38. The Plaintiff is entitled to sanctions, including, without limitation, punitive damages pursuant to 11 U.S.C. § 105.

**WHEREFORE,** the Plaintiff respectfully requests that the Court find in its favor on Count III of the Complaint, and award sanctions against the Defendant, including, without limitation, attorneys' fees and costs and punitive damages, arising from the Defendant's intentional and willful violations of the automatic stay, as well as grant any other and further relief that the Court may deem just and proper.

### COUNT IV
### (Preference)

39. The Plaintiff hereby realleges and incorporates the allegations contained in Paragraphs 1 through 9 of the Complaint as though set forth fully herein.

40. During the ninety (90) days preceding the Petition Date (the "**Preference Period**"), the Plaintiff made the transfers to or for the benefit of the Defendant identified on the attached **Exhibit "C"** (the "**Transfers**").

2571110.1  114753-95692

41. Each of the Transfers was a transfer of an interest of the Plaintiff in property.

42. Each of the Transfers was on account of an antecedent debt owed by the Plaintiff before each of the Transfers was made.

43. The Debtor was insolvent at the time each of the Transfers was made.

44. The Transfers enabled the Defendant to receive more than the Defendant would receive if (a) the Case was pending under Chapter 7 of Title 11 of the United States Code, (b) the Transfers were not made, and (c) the Defendant received payment of such debts owed by the Plaintiff to the extend provided by Title 11 of the United States Code.

45. The Transfers are avoidable under 11 U.S.C. § 547(b).

**WHEREFORE,** the Plaintiff respectfully requests that the Court find in the Plaintiff's favor on Count IV of the Complaint, and enter a judgment avoiding the Transfers (and any other transfers to the Defendant identified after the filing of this Complaint) under 11 U.S.C. § 547(b), as well as granting any other and further relief that the Court may deem just and proper.

## COUNT V
### (Recovery of Avoided Transfers)

46. The Plaintiff hereby realleges and incorporates the allegations contained in Paragraphs 1 through 9 and Paragraphs 40 through 45 as though set forth fully herein.

47. The Defendant was the initial transferee of the Transfers or is the entity for whose benefit the Transfers were made.

48. Upon avoidance of the Transfers, the Plaintiff may recover the value of the Transfers from the Defendant pursuant to 11 U.S.C. § 550(a)(1).

**WHEREFORE,** the Plaintiff respectfully requests that the Court find in the Plaintiff's favor on Count V of the Complaint, and enter a judgment awarding the Plaintiff an amount equal to the value of the Transfers avoided under Count IV of the Complaint, as well as granting any

other and further relief that the Court may deem just and proper.

## COUNT VI
### (Disallowance of Claim)

49. The Plaintiff hereby realleges and incorporates the allegations contained in Paragraphs 1 through 9, 40 through 45, 47 and 48 as though set forth fully herein.

50. In accordance with 11 U.S.C. § 502(d), the Defendant is not entitled to an allowed claim in the Case until such time as the Defendant fully satisfies any judgment which may be entered under Counts IV and V of the Complaint.

**WHEREFORE,** the Plaintiff respectfully requests that the Court disallow any claim in favor of the Defendant until such time as the Defendant fully satisfies any judgment entered on Counts IV and V of the Complaint, without prejudice or waiver of the rights of the Plaintiff to object to any claim asserted or filed by the Defendant, as well as granting any other and further relief that the Court may deem just and proper.

Dated: October 18, 2017  **GIBBONS P.C.**
Newark, New Jersey

By: /s/ David N. Crapo
David N. Crapo
One Gateway Center
Newark, NJ 07102-5310
Tel. 973-596-4500
Fax. 973-596-0545
E-mail: dcrapo@gibbonslaw.com

*Local Counsel for the Debtor*

## VERIFICATION OF JEAN-FRANÇOIS LEFEBVRE

I, Jean-François Lefebvre, declare under penalty of perjury under 28 U.S.C. 1746 that the allegations contained in the foregoing Verified Complaint are true and correct to the best of my knowledge, information and belief.

Executed on this 18th day of October, 2017.

_____
Jean-François LeFebvre

2571110.1  114753-95692