| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>David N. Crapo, Esq.<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-4545<br>E-mail: dcrapo@gibbonslaw.com<br>*Local Counsel for the Debtor* | |
| **In re:**<br><br>**AMG INTERNATIONAL, INC.,**<br><br>　　　　　**Debtor.** | Case No. 17-25816 (JKS)<br><br>Chapter 11<br><br>Judge: John K. Sherwood |
| AMG INTERNATIONAL, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>ELECTRO MECHANICAL INDUSTRIES (PTE) LTD.,<br><br>　　　Defendant. | Adv. Proc. No. __17-01676(JKS)__<br><br>Hearing Date:  TBD |

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

AMG INTERNATIONAL, INC. ("**Plaintiff**"), by and through its undersigned counsel,

files this *Motion for Temporary Restraining Order and For Preliminary Injunction* ("**Motion**"),

and in support of this Motion, states as follows:

### BRIEF STATEMENT OF RELIEF REQUESTED

By this Motion, the Plaintiff requests that this Honorable Court enter a temporary

restraining order and preliminary injunction against the Defendant in order to (a) enjoin the

Defendant from using, transferring, selling, encumbering or otherwise disposing of Molds (defined herein) owned by the Plaintiff and in the possession, custody and/or control of the Defendant; and (b) direct the turnover of possession of the Molds to the Plaintiff.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

2. The statutory predicates for the relief requested herein are sections 11 U.S.C. §§ 105 and 362, and Rule 7065 of the Federal Rules of Bankruptcy Procedure.

## GENERAL BACKGROUND

3. On August 3, 2017 (the "**Petition Date**"), the Plaintiff filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

4. The Plaintiff is operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

5. The Plaintiff is in the business of distributing trophies and related products. The Debtor acquires inventory from both domestic and international manufacturers.

6. Prior to the Petition Date, the Plaintiff and Defendant transacted business, whereby the Defendant would manufacture and sell trophy parts to the Plaintiff.

7. In order to manufacture the trophy parts for the Plaintiff, the Defendant uses molds for purposes of manufacturing the trophy parts, which are comprised of (a) molds delivered by the Plaintiff to the Defendant ("**Delivered Molds**"), and (b) molds made by the Defendant for the Plaintiff's exclusive use, which were made using designs supplied by the

2

Plaintiff ("**Manufactured Molds**" and, together with the Delivered Molds, the "**Molds**").

8. As of the Petition Date, the Defendant is in the possession, custody and/or control of the Molds.

9. The Plaintiff has informed the Defendant, in writing, that the Plaintiff no longer wishes to transact business with the Defendant. A true and correct copy of the letter sent to the Defendant's counsel is attached hereto as **Exhibit "A"** (the "**Demand Letter**").

10. In accordance with the Demand Letter, the Plaintiff demanded that the Defendant turnover possession of the Molds and advised the Defendant that any refusal to turnover the Molds would result in the Plaintiff pursuing any and all available remedies, including, without limitation, a request for appropriate sanctions for violation of the automatic stay.

11. The Defendant has refused to turnover, and remains in possession, custody, or control of, the Molds.

12. The Molds are property of the estate within the meaning of 11 U.S.C. § 541(a).

13. The Molds are property which the Plaintiff may use or sell in accordance with 11 U.S.C. §§ 363(b) and (c).

14. On October 18, 2017, the Plaintiff filed a multiple count adversary complaint against the Defendant seeking, among other things, turnover of the Molds, injunctive relief against the Defendant, and sanctions against the Defendant as a result of the Defendant's intentional and willful violations of the automatic stay.

15. The Plaintiff files this Motion in order to obtain a temporary restraining order and preliminary injunction (a) directing the turnover of the Molds to the Plaintiff, and (b) prohibiting the Defendant from using, selling, transferring, encumbering and/or otherwise assigning the Molds pending an adjudication of the Plaintiff's claim for turnover of the Molds to the Plaintiff.

18749885   0929080

## AUTHORITY IN SUPPORT OF RELIEF REQUESTED

16. Rule 7065 of the Federal Rules of Bankruptcy Procedure incorporates Rule 65 of the Federal Rules of Civil Procedure. *See* Rule 7065, Fed. R. Bankr. P. However, a "temporary restraining order or preliminary injunction may be issued on application of a debtor … or debtor in possession without compliance with Rule 65(c). *See* Rule 7065. Rule 65(c) addresses the requirement of posting a bond or other security as a requirement for the issuance of a restraining order or preliminary injunction.

17. A preliminary injunction is properly entered when the moving party demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest. *Church v. City of Huntsville*, 30 F. 3d 1332, 1342 (11th Cir. 1994).

18. In the bankruptcy context, "success on the merits" is typically interpreted to mean "the probably of a successful plan of reorganization." *See Gathering Restaurant, Inc. v. First National Bank of Valparaiso,* 79 B.R. 992 (Bankr. N.D. Ind. 1987). This also dovetails with the "public interest" requirement, which courts have construed to mean "the promoting of a successful reorganization which should be one of the paramount concerns of a bankruptcy court." *Id*.

19. The Plaintiff submits that all elements are met in support of injunctive relief. Specifically, the Defendant refuses to turnover possession of the Molds to the Plaintiff. By refusing to turnover possession of the Molds, the Defendant is exercising control over property of the estate. Upon information and belief, the Defendant refuses to relinquish possession of the Molds in an effort to collect a pre-petition claim.

20. Furthermore, as a result of the Defendant's refusal to turnover possession of the Molds to the Plaintiff, the Plaintiff is being prevented from using the Molds in order to have product manufactured for sale in the Plaintiff's ordinary course of business. Thus, the Defendant's actions are harming the estate.

21. The Plaintiff has a strong likelihood of succeeding on the merits on its claim for turnover, inasmuch as the Molds are property of the estate. Likewise, there is a substantial threat of irreparable injury in the event the Defendant is not enjoined and continues to exercise control over property of the estate, or in the event the Defendant uses, sells, transfers, sells or otherwise disposes of the Molds.

22. The issuance of injunctive relief and any resulting harm to the Defendant is outweighed by the threatened injury to the Plaintiff and the estate. Finally, the issuance of injunctive relief serves the public interest, inasmuch as the public interest is served by the promotion of a successful reorganization.

23. The Plaintiff respectfully submits that the standards in support of temporary and preliminary injunctive relief are satisfied. The Defendant's actions are unwarranted, unjustified and constitute both actionable and sanctionable conduct.

**WHEREFORE,** the Plaintiff respectfully requests that this Court (a) conduct an expedited hearing and issue a temporary restraining order against the Defendant, (b) schedule a preliminary hearing on the Motion at the earliest practicable time, and (c) issue a preliminary injunction pending an adjudication on the Plaintiff's claim for turnover and issuance of a permanent injunction, as well as granting such other and further relief that the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 18th day of October, 2017.

18749885  0929080

Dated: October 18, 2017  **GIBBONS P.C.**
Newark, New Jersey

        By:  */s/ David N. Crapo*
           David N. Crapo
           One Gateway Center
           Newark, NJ 07102-5310
           Tel.  973-596-4500
           Fax.  973-596-0545
           E-mail:   dcrapo@gibbonslaw.com

*Local Counsel for the Debtor*

18749885  0929080