Order Filed on December 7, 2017
by Clerk U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>David N. Crapo, Esq.<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-4545<br>E-mail: dcrapo@gibbonslaw.com<br>*Local Counsel for the Debtor* | |
| **In re:**<br><br>**AMG INTERNATIONAL, INC.,**<br><br>                  **Debtor.** | Chapter 11<br><br>Case No. 17-25816 (JKS) |
| AMG INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRO MECHANICAL INDUSTRIES (PTE) LTD.,<br><br>    Defendant. | Adv. Proc. No. 17-01676 (JKS) |

### ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION WHILE PRESERVING STATUS QUO RIGHTS

The relief set forth on the following pages, numbered two (2) through eight (8) is hereby ORDERED.

**DATED: December 7, 2017**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

2571135.1 114753-95692
ACTIVE\51732782.v2-11/8/17
ACTIVE\52193326.v1-12/4/17

Page 2
Debtor:              AMG International, Inc.
Case No.:            17-25816-JKS
Caption of Order:    Order Granting Motion For Temporary Restraining Order and For
                     Preliminary Injunction While Preserving Status Quo Rights

_____

This matter having been brought before the Court on October 24, 2017 at 12:00 p.m. upon the Plaintiff's *Verified Adversary Complaint* [ECF No. 1][1] ("**Complaint**"), and scheduled hearing ("**Hearing**") on the Plaintiff's *Motion for Temporary Restraining Order and for Preliminary Injunction* [ECF No. 2] ("**Motion**"); and the Plaintiff having properly served the Defendant with copies of the Complaint and Motion in accordance with this Court's *Order Shortening Time Period For Notice, Setting Hearing and Limiting Notice* [ECF No. 5], as evidenced by the *Certificate of Service* [ECF No. 6] filed with the Court; and the Court having considered the Defendant's *Brief in Opposition to Motion for Temporary Restraining Order and for Preliminary Injunction* [ECF No. 7] and the Plaintiff's *Response in Opposition to Defendant's Objection to Motion for Temporary Restraining Order and for Preliminary Injunction* [ECF No. 8]; and the Court having reviewed the pleadings, including having heard presentations of counsel, and based on the entire record of the Hearing held on October 24, 2017,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. 2. The Defendant is directed to turn over the following (collectively, the "**Molds**"): (a) those molds identified on "Schedule B" to the letter dated February 4, 2013 (the "**2013 Letter**"), a copy of which is attached to this Order as **Exhibit "A"**, which the Defendant executed and acknowledged the Debtor's ownership in such molds, and (b) any other molds in the

---

[1] References to ECF No. are to electronic docket entries contained on the docket in the above-styled adversary proceeding.

possession of the Defendant in which the Defendant does not claim an ownership interest. The turnover of the Molds shall occur on the following terms and conditions:

    (a)    the Defendant shall, starting December 15, 2017 and no later than December 18, 2017 and at its own cost, transfer those Molds identified by the Plaintiff as being "priority Molds" (the "**Priority Molds**") to a facility located at No. 28 Quanwang Road, Wuquing Economic Development Area, Tianjin City, China (the "**Leased Premises**") for retrieval by DSV Air & Sea Co., Ltd. ("**DSV**"). The Plaintiff estimates that the Priority Molds comprise 200-300 of the molds, and the Plaintiff shall provide the Defendant with a list of the Priority Molds as soon as available. Upon relocation of the Priority Molds to the Leased Premises, the Defendant shall grant DSV immediate access to the Leased Premises and immediately tender possession of the Priority Molds to DSV for delivery to DSV's warehouse located at 120# Lingang Road, Tanggu Bonded Area, Tianjin City, China (the "**DSV Warehouse**"). Following DSV's retrieval of the Priority Molds from the Leased Premises, the Defendant shall, no later than December 22, 2017 and at its own cost, relocate the remaining Molds to the Leased Premises, at which time the Defendant shall grant DSV access to the Leased Premises for purposes of taking possession of the remaining Molds and transporting the remaining Molds to the DSV Warehouse. DSV shall use its own trucks for transporting the Molds to the DSV Warehouse at which time DSV shall unload the Molds. In tendering possession of the Molds, the Defendant shall take whatever actions are reasonably necessary and required to

2571135.1 114753-95692
ACTIVE\51732782.v2-11/8/17
ACTIVE\52193326.v1-12/4/17

facilitate the turnover of the Molds, including, without limitation, granting DSV reasonable access to the Molds during normal business hours, unless otherwise agreed in advance in writing by the Plaintiff, Defendant and DSV, for purposes of taking possession of the Molds subject, however, to SCC providing reasonable evidence of insurance to cover any damage, injury or other loss which may be incurred in connection with the foregoing. The Defendant shall provide sufficient evidence of insurance to cover any damage, injury or loss to Molds at all times during (i) the retrieval of the Molds from the Defendant's premises to the Leased Premises, and (ii) while the Molds are located at the Leased Premises;

(b) DSV shall prepare packing lists indicatingreferences to the Molds in relation to pallet numbers at the time possession of the Molds is tendered by the Defendant. Representatives of the Defendant and the Plaintiff (or its designee) shall have the right to be present at the time (i) the Molds are transported from the Defendant's factory to the Leased Premises, and (ii) DSV retrieves the Molds from the Leased Premises;

(c) The Plaintiff or its designee shall identify any Molds to be transported from the DSV Warehouse to the Sports Cups Components ("**SCC**") factory (the "**SCC Factory**"). Molds located at the SCC Factory shall be covered by SCC's insurance. Molds remaining at the DSV Warehouse shall be insured by insurance to be procured from China Life in the amount of $500,000.00. The Plaintiff and SCC shall enter into an agreement pertaining to the Molds, which will provide, in part, for SCC to procure and maintain appropriate

        insurance and authorize SCC to use the Molds for purposes of manufacturing product for the Plaintiff.

(d)     The Plaintiff shall be responsible, at its sole expense, for (i) the costs incurred by DSV in retrieving, transporting and storing the Molds, and (ii) the costs of insurance procured by SCC.

(e)     Turnover of the Molds by the Defendant in accordance with this Order shall in no way constitute a waiver of any right or claim by the Defendant to a possessory lien or other secured interest in the Molds under U.S. or Chinese law, and any valid right or claim by the Defendant to lien or other secured interest which is premised on possession of the Molds shall not be prejudiced through turnover of the Molds in accordance with this Order; provided, however, the foregoing shall be subject to, and without waiver of, any claims, objections and defenses of the Plaintiff and any party holding or otherwise asserting a lien against the Molds, including, without limitation, France Sport, S.A.;

(f)     The Court shall retain exclusive jurisdiction in the event of any dispute between the Plaintiff and Defendant over ownership of any other molds in the possession of the Defendant, and the entry of this Order shall not constitute or be deemed a waiver of the rights, claims, objections and defenses of any party asserting any ownership interest or lien in such molds;

(g)     Upon entry of this Order, the Plaintiff shall immediately deposit the sum of $35,000.00 into the trust account of Seese, P.A., to be held in escrow for purposes of providing additional adequate protection for the benefit of the

Defendant in the event of any damage or loss to the Molds either in transit to, or while in the possession of, DSV and/or SCC, pending a determination by the Court of any possessory lien rights in favor of the Defendant. The Plaintiff shall provide the Defendant with evidence that sufficient funds have been deposited in accordance with this Paragraph 2(g);

(h)  The Defendant shall be named an additional insured in the event of any insurance which may apply to any claims for damage, destruction or loss to the Molds pending a determination by the Court of any possessory lien rights in favor of the Defendant, and, in the event of such coverage, the Plaintiff shall provide the Defendant with a copy of such insurance policy or other evidence reasonably demonstrating the naming of the Defendant as an additional insured under the policy within thirty (30) days of the date of entry of this Order. Likewise, the Plaintiff shall be named an additional insured on any policy of insurance covering the Molds while located within the Leased Premises;

(i)  SCC shall agree, in writing, that any lien in its favor against the Molds, shall be subordinate to any lien in favor of the Defendant, and the Plaintiff shall provide the Defendant with a copy of such written subordination agreement or acknowledgment within ten (10) days of the date of entry of this Order;

(j)  The Defendant shall have reasonable rights of inspection of the Molds at the time (i) possession of the Molds is tendered to DSV; and (ii) at the time any of the Molds are transported and offloaded at the SCC Factory. The Plaintiff shall have reasonable rights of inspection of the Molds at the time

ACTIVE\51732782.v2-11/8/17
ACTIVE\52193326.v1-12/4/17

2571135.1 114753-95692

> (i) the Molds are retrieved from the Defendant's factory; and (ii) the Molds are retrieved from the Leased Premises; and
>
> (k) France Sport, S.A. shall acknowledge, in writing, that the surrender of possession of the Molds by the Defendant shall not diminish any lien rights held by the Defendant, if any, as of the date of this Order. Such acknowledgement shall in no way be construed an admission by France Sport S.A. that Defendant holds any lien rights, nor a waiver of the assertion by France Sport that it holds a lien on the Molds superior in priority to that of the Defendant. The Plaintiff shall provide the Defendant with a copy of such written agreement or acknowledgment within ten (10) days of the date of entry of this Order;

3. Pending the turnover of the Molds to the Plaintiff or its designee, the Defendant and its officers, directors, shareholders, partners, employees, subsidiaries, affiliates, agents and those acting at the direction of, or in active concert or participation with, any of the foregoing or receiving a copy of this Order (collectively, the "**Restrained Parties**") are hereby prohibited and enjoined from using, selling, transferring, encumbering or otherwise assigning any and all of the Molds. To give effect to the foregoing, this Order shall have full legal force and effect of a temporary restraining order and preliminary injunction.

4. The Court shall conduct a separate hearing, evidentiary if necessary, in order to determine the extent, validity and priority of any possessory liens in favor of the Defendant against the Molds and shall further retain jurisdiction to interpret, enforce and adjudicate any disputes pertaining to the terms and conditions of this Order. The entry of this Order is without prejudice

to, or waiver of, any rights, claims, objections or defenses in favor of, or in opposition to, any such possessory liens.   The separate hearing shall be scheduled by separate notice of the Court.

5. The Plaintiff is directed to file and serve opposition papers, including, without limitation, any memorandum of law, against any possessory liens in favor of the Defendant, no later than **January 5, 2018**.   The Defendant shall then file and serve papers, including, without limitation, any memorandum of law, in favor of any possessory liens, no later than **January 16, 2018**.   The Plaintiff shall then have the right, in its sole discretion, to file any reply to the Defendant's response no later than **January 23, 2018**.   France Sport, S.A. and the Official Committee of Unsecured Creditors shall be entitled to file any papers, including, without limitation, memoranda of law, either in support of, or in opposition to, any possessory liens rights in favor of the Defendant, no later than **January 23, 2018**.   The Court shall then conduct a hearing as contemplated by Paragraph 3 of this Order on **January 30, 2018** at **2:00 p.m**. at **50 Walnut Street, Courtroom 3D, Newark, New Jersey, 07102.**

6. The entry of this Order is without prejudice to or waiver of any remaining relief sought in the Adversary Complaint, as well as any defenses or objections of the Defendant.

7. Counsel for Plaintiff shall serve a copy of this Order upon all parties in attendance at the Hearing.

2571135.1 114753-95692
ACTIVE\51732782.v2-11/8/17
ACTIVE\52193326.v1-12/4/17